Filed 8/2/21  P. v. Espinoza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091874 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF06285) |
| v. | |
| JAMON CHARLES ESPINOZA, SR., | |
| Defendant and Appellant. | |

Defendant Jamon Charles Espinoza, Sr., pleaded guilty to corporal injury to a spouse and making criminal threats.  On appeal, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), he asserts court-imposed fines and fees should be stricken because he has no ability to pay them.  We affirm.

1

## BACKGROUND

Defendant pleaded guilty to corporal injury to a spouse (Pen. Code, § 273.5, subd. (a))[1] and making criminal threats (§ 422, subd. (a)).

The trial court sentenced defendant to an aggregate term of four years eight months in state prison.

Regarding costs, the court found defendant had no ability to pay the domestic violence program fee and waived the presentence investigation report fee. The court, however, did impose a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (§ 1202.45; stayed), an $80 court operations assessment (§ 1465.8), and a $60 conviction assessment (Gov. Code, § 70373). Defense counsel "ask[ed] the [c]ourt to strike all fines and fees based on inability to pay." The trial court responded: "The [c]ourt is going to deny that request. I did impose only the mandatory minimum fines. I struck as much as I, as I could besides that." The abstract of judgment reflects imposition of the statutory mandatory minimum costs.

Defendant timely appealed.

After filing his notice of appeal, defendant sent a letter to the trial court, again telling the court he lacked the ability to pay any fines and fees. Relying on *Dueñas, supra*, 30 Cal.App.5th 1157, he asked the trial court to strike the fines and fees imposed. The court denied his request.

## DISCUSSION

On appeal, defendant once again invokes *Dueñas, supra*, 30 Cal.App.5th 1157, contending the trial court violated due process principles and the Eight Amendment prohibition against excessive fines by imposing costs it believed were mandatory, and

---

[1] Undesignated statutory references are to the Penal Code.

therefore, the matter should be remanded for a determination of his ability to pay the costs. We disagree.

*Dueñas, supra*, 30 Cal.App.5th 1157, held that due process requires the trial court to stay execution of restitution fines, as well as court operation and conviction assessments, until it has determined the defendant has the present ability to pay. (*Id*. at pp. 1172-1173.) On appeal, defendant argues that *Dueñas* applies to his case.

The People disagree.

We join the courts concluding *Dueñas* was wrongly decided. (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860; *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929.) We therefore reject defendant's contentions based on *Dueñas*.

As for defendant's Eighth Amendment claims, it appears he relies solely on *Dueñas*, but to the extent he does not, we reject that contention as well. As this court recently noted: " 'The Eighth Amendment prohibits the imposition of excessive fines. The word "fine," as used in that provision, has been interpreted to be " 'a payment to a sovereign as punishment for some offense.' " ' [Citation.] [¶] 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.' [Citations.] '[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' [Citation.] To determine whether a fine is excessive in violation of the Eighth Amendment, we consider: '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.' [Citation.] Accordingly, although ability to pay is part of the proportionality analysis, it is not the only factor." (*People v. Pack-Ramirez, supra*,

56 Cal.App.5th at pp. 860-861.)  On this record, we cannot conclude the fines imposed were grossly disproportionate to the gravity of the offense.  (*Ibid.*)

DISPOSITION

The judgment is affirmed.

/s/
RAYE, P. J.

We concur:

/s/
HOCH, J.

/s/
KRAUSE, J.

4